1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK DAVE HILL, | 1:10-CV-01065 GSA HC |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |
| H. A. RIOS, | ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |
| Respondent. / | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties have consented to the exercise of magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).

## BACKGROUND[1]

Petitioner is currently incarcerated at the United States Penitentiary in Atwater, California. He challenges his October 17, 2001, guilty plea, and his sentence thereon, in the United States District Court for the District of South Carolina for conspiracy to distribute

---

[1] This information was derived from the petition for writ of habeas corpus and the docket in the underlying case of Hill v. United States, No. 2:00-CR-00398-PMD-1 (D. S.C. December 5, 2002). This Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244 (9th Cir.1992); see also MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th cir. 1980).

narcotics.  On December 9, 2002, he was sentenced as a career offender under the United States Sentencing Guidelines to 300 months imprisonment.

Following his conviction, Petitioner appealed to the Fourth Circuit Court of Appeals. On September 30, 2003, judgment was affirmed. On May 2, 2008, Petitioner filed a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 in the sentencing court. The motion was dismissed on April 13, 2009.

Petitioner filed the instant petition for writ of habeas corpus on June 14, 2010.  Petitioner argues that his two prior convictions for misdemeanor battery do not qualify as "violent felonies" such that Petitioner may be considered a "career offender" under the sentencing guidelines.  He contends that he is actually innocent of the career offender sentencing designation because he has not suffered the requisite prior violent felony or serious drug offenses.

**DISCUSSION**

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); see also Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir.2006), cert. denied, 549 U.S. 1313 (2007); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981).  In such cases, *only the sentencing court has jurisdiction*. Tripati, 843 F.2d at 1163 (emphasis added).  A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody. Stephens, 464 F.3d at 897; Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir.2000) (per curiam); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir.

2

1   1991); <u>United States v. Jalili</u>, 925 F.2d 889, 893-94 (6th Cir. 1991); <u>Barden v. Keohane</u>, 921

2   F.2d 476, 478-79 (3rd Cir. 1991); <u>United States v. Hutchings</u>, 835 F.2d 185, 186-87 (8th Cir.

3   1987). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by

4   which a federal prisoner may test the legality of his detention, and that restrictions on the

5   availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241."

6   <u>Stephens</u>, 464 F.3d at 897 (citations omitted).

7       In this case, Petitioner is challenging the validity and constitutionality of his federal

8   sentence imposed by the United States District Court for the District of South Carolina, rather

9   than an error in the administration of his sentence.  Therefore, the appropriate procedure would

10  be to file a motion pursuant to § 2255 in the District of South Carolina, not a habeas petition

11  pursuant to § 2241 in this Court.

12      As Petitioner acknowledges, an exception exists by which a federal prisoner may seek

13  relief under § 2241 *if* he can demonstrate the remedy available under § 2255 to be "inadequate or

14  ineffective to test the validity of his detention." <u>United States v. Pirro</u>, 104 F.3d 297, 299 (9th

15  Cir.1997) (quoting § 2255); <u>see</u> <u>Hernandez</u>, 204 F.3d at 864-65. The Ninth Circuit has provided

16  little guidance on what constitutes "inadequate and ineffective" in relation to the savings clause.

17  It has however recognized that it is a very narrow exception. <u>Ivy v. Pontesso</u>, 328 F.3d 1057, 59

18  (9th Cir.) (as amended), <u>cert. denied</u>, 540 U.S. 1051 (2003). The remedy under § 2255 usually

19  will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied,

20  or because a remedy under that section is procedurally barred. <u>See</u> <u>Aronson v. May</u>, 85 S.Ct. 3, 5

21  (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.);

22  <u>Tripati</u>, 843 F.2d at 1162-63 (a petitioner's fears of bias or unequal treatment do not render a §

23  2255 petition inadequate); <u>Williams v. Heritage</u>, 250 F.2d 390 (9th Cir.1957); <u>Hildebrandt v.</u>

24  <u>Swope</u>, 229 F.2d 582 (9th Cir.1956).

25      Nevertheless, the Ninth Circuit has acknowledged that "[other] circuits, however, have

26  held that Section 2255 provides an 'inadequate and ineffective' remedy (and thus that the

27  petitioner may proceed under Section 2241) when the petitioner claims to be: (1) factually

28  innocent of the crime for which he has been convicted; and, (2) has never had an 'unobstructed

procedural shot' at presenting this claim ." <u>Ivy</u>, 328 F.3d at 1059-60, <u>citing</u> <u>Lorentsen v. Hood</u>, 223 F.3d 950, 954 (9th Cir.2000); <u>see also</u> <u>Stephens</u>, 464 F.3d at 898. The burden is on the petitioner to show that the remedy is inadequate or ineffective. <u>Redfield v. United States</u>, 315 F.2d 76, 83 (9th Cir.1963).

In this case, Petitioner fails to satisfy both prongs of the test. First, Petitioner has had an unobstructed procedural opportunity to present his claims. The issues presented in the instant petition were presented in his § 2255 motion to the sentencing court. <u>See</u> Docket Entry 337, <u>Hill v. United States</u>, No. 2:00-CV-00398-PMD-1 (D. S.C. December 5, 2002).

Second, Petitioner has failed to present claims of "actual innocence." In the Ninth Circuit, a claim of actual innocence for purposes of the Section 2255 savings clause is tested by the standard articulated by the United States Supreme Court in <u>Bousley v. United States</u>, 523 U.S. 614 (1998). <u>Stephens</u>, 464 U.S. at 898. In <u>Bousley</u>, the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." <u>Bousley</u>, 523 U.S. at 623 (internal quotation marks omitted). Petitioner bears the burden of proof on this issue by a preponderance of the evidence, and he must show not just that the evidence against him was weak, but that it was so weak that "no reasonable juror" would have convicted him.  <u>Lorentsen</u>, 223 F.3d at 954.

In this case, Petitioner does not assert that he is factually innocent of the crime for which he was convicted. Rather, he claims that, for sentencing purposes, he does not have the requisite qualifying prior "violent felony" convictions and, thus, he is actually innocent of being designated a "Career Offender" based on his two prior convictions for misdemeanor battery. Under the savings clause, however, Petitioner must demonstrate that he is factually innocent of the crime for which he has been convicted, not the sentence imposed. <u>See</u> <u>Ivy</u>, 328 F.3d at 1060; <u>Lorentsen</u>, 223 F.3d at 954 (to establish jurisdiction under Section 2241, petitioner must allege that he is "'actually innocent' of the crime of conviction"); <u>Edwards v. Daniels</u>, 2006 U.S. Dist. LEXIS 94750, at *7, 2006 WL 3877525 (D.Or.2006) ("Petitioner's assertion that he is actually innocent of a portion of his sentence does not qualify him for the 'escape hatch' of § 2255

because he must allege that he is 'legally innocent of the crime for which he has been convicted,' not the sentence imposed."), adopted by Edwards v. Daniels, 2007 U.S. Dist. LEXIS 12356, 2007 WL 608115 (D.Or.2007). Therefore, the instant § 2241 petition does not fit within the exception to the general bar against using Section 2241 to collaterally attack a conviction or sentence imposed by a federal court.

Accordingly, the Court concludes that Petitioner has not demonstrated that Section 2255 constitutes an "inadequate or ineffective" remedy for raising his claims. Accordingly, Section 2241 is not the proper statute for raising Petitioner's claims, and the petition must be dismissed for lack of jurisdiction.

## CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

(a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c)     (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his

5

constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." <u>Miller-El</u>, 537 U.S. at 327; <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." <u>Miller-El</u>, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.  Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

## ORDER

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is DISMISSED for lack of jurisdiction;

2) The Clerk of Court is DIRECTED to enter judgment and close the case; and

3) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

**Dated:    June 29, 2010**          **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE