UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARK DAVE HILL, | ) | 1:10-CV-01065 GSA HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING PETITIONER'S |
| | ) | MOTION FOR TO ALTER AND AMEND |
| v. | ) | JUDGMENT |
| | ) | |
| H. A. RIOS, | ) | [Doc. #9] |
| | ) | |
| Respondent. | ) | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He has voluntarily consented to exercise of Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

On June 29, 2010, this Court dismissed the petition with prejudice and entered judgment for Respondent. On July 15, 2010, Petitioner filed the instant motion to amend or alter judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

**DISCUSSION**

A motion for reconsideration pursuant to Rule 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir.1999) (citing School Dist. No. 1J v. ACandS, Inc., 5

F.3d 1255, 1263 (9th Cir.1993)); see also 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed.1995):

> Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion. However, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly. There are four basic grounds upon which a Rule 59(e) motion may be granted. First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence. Third, the motion will be granted if necessary to prevent manifest injustice.... Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling law.

Petitioner's motion is based on a decision by the United States District Court for the Southern Division of the District of Maryland in Poole v. Dotson, 469 F.Supp.2d 329 (S.D. Md. 2007), rev'd United States v. Poole, 531 F.3d 263 (4th Cir.2008).  Petitioner contends his case is analogous, and therefore, the Court should find jurisdiction under 28 U.S.C. § 2241. Petitioner fails to show cause for relief under Rule 59(e).  First, a district court decision from another circuit is not controlling. Second, the decision Petitioner relies on was reversed by the Fourth Circuit. Third, Petitioner fails to demonstrate that he qualifies under the savings clause.  He fails to show that he has never had a procedural opportunity to present his claims, and he fails to demonstrate that he is factually innocent of the underlying crime. Therefore, Petitioner's motion must be DENIED.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion to amend or alter judgment pursuant to Fed. R. Civil Proc. § 59(e) is DENIED.


IT IS SO ORDERED.

Dated:   **July 20, 2010**                    **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE